IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JESSE C. BANNER, JR., )
 )
    Plaintiff, )
 )
    v. ) 1:05CV01156
 )
PHILIP MORRIS U.S.A., )
 )
    Defendant. )

MEMORANDUM OPINION

OSTEEN, District Judge

    Plaintiff Jesse C. Banner ("Plaintiff"), pro se, filed this action against Philip Morris U.S.A., the proper name of which is "Philip Morris USA Inc.," ("Defendant") alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. Pending before the court is Defendant's motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the court will grant Defendant's motion.

    The dispositive facts for this matter are brief. Plaintiff's complaint states he received his EEOC right-to-sue letter on September 25, 2005, which is a Sunday. Ninety days from that date is December 24, 2005, which is a Saturday; December 25, a Sunday; the court was closed on December 26, and court reopened Tuesday, December 27. Plaintiff filed this action on December 28, 2005, which was the 93rd day. Plaintiff, despite notice from this court about his right to respond, has not

responded to Defendant's motion, and thus, the court considers the motion uncontested under Local Rule 7.3(k). However, some brief analysis for this ruling is helpful.

The issue is if Plaintiff timely filed his Title VII action. When the EEOC dismisses a complaining party's charges of wrongful discrimination, the EEOC must send a right-to-sue letter to that party. "[W]ithin ninety days after . . . [issuing the right-to-sue letter,] a civil action may be brought" by the employee against the employer in federal court. 42 U.S.C. § 2000e-5(f)(1). This statute creates a ninety-day statute of limitations in which the employee may file a federal court claim. Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993). When the facts show that the actual date of receipt[1] is known and undisputed, the ninety-day period starts from that actual date of receipt. Nguyen v. Inova Alexandria Hosp., No. 98-2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) ("[I]f the actual date of receipt is confirmed by evidence, that date governs."). A court can dismiss a case for failure to file within the ninety-day window under Rule 12(b)(6). See Williams v. Enterprise Leasing Co. of Norfolk/Richmond, 911 F. Supp. 988, 992 (E.D. Va. 1995).

However, "grounds for equitable tolling" may enlarge the ninety-day period. Dixon v. Digital Equip. Corp., No. 92-1483, 1992 WL 245867, at *1 (4th Cir. Sept. 30, 1992). Equitable

---

[1]The court notes that various cases define what constitutes "receipt," but, in this case, "receipt" is not in dispute.

2

tolling, although rarely invoked, occurs when EEOC misconduct or mishandling leads to a delay in a plaintiff's filing. Grey v. Henderson, 169 F. Supp. 2d 448, 451-52 (M.D.N.C. 2001). The parties do not argue for equitable tolling, and no facts present in the pleadings and briefs support tolling.

The facts state Plaintiff filed his complaint beyond the ninety-day period by one day. Absent any other facts or arguments from the parties, Plaintiff's action is not timely, and the court must dismiss the case for failure to state a claim.

For the reasons set forth herein, the court will grant Defendant's motion to dismiss [4]. An order and judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 30th day of August 2006.

_____
United States District Judge